UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JACQUELINE TIBURCIO

    Plaintiff,

vs.

MARTIN WALSH
SECRETARY, DEPARTMENT OF LABOR

    Defendant
_____/

## COMPLAINT FOR DAMAGES

Jacqueline Tiburcio ("Tiburcio") sues Defendant, Martin Walsh Secretary Department of Labor ("Walsh") and alleges as follows:

### Jurisdiction and Venue

1. This is an action for damages.

2. This Court is vested with federal question jurisdiction over this action pursuant to 28 USC Section 1331 for Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et. seq*.

3. Venue lies within the Southern District of Florida pursuant to 28 USC Section 1391 (b) because all actions relevant to these claims arose in this Judicial Circuit.

### Administrative Prerequisites

4. All conditions precedent to the maintenance of this action have been met.

5. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about March 15, 2022, the EEOC Office of Federal Operations issued a Decision Vacating an Agency Final Decision and Remanding for further proceedings.

See, attached Exhibit A.  Plaintiff has timely filed this suit in accordance with the ninety (90) day window after his receipt of the Decision.

## The Parties/Participants

8. Plaintiff, is an individual residing in Broward County, Florida and is *sui juris*.

9. Defendant, Walsh, is a the Secretary of the US Department of Labor with offices located in Broward County, Florida.

## General Allegations

10. From September 2016 to present, Tiburcio's supervisor imposed restrictions on her in her ability to telework and that are not imposed upon coworkers of other protected classes.

11. In September 2016, Tiburcio was advised that she probably would not be getting her promotion to GS-11 from GS-9.

12. Since January 2017 to Present, Tiburcio's supervisor continuously assigning cases to her during periods when she is on leave, giving her less than 90 days to complete these cases, as oppose to how comparator employees are treated.

13. Between January 2017 and July 2017, Tiburcio's request for hardship transfer were denied without basis.

14. On July 18, 2017, Tiburcio's supervisor denied her request to use FMLA leave that had been approved for intermittent use and instead changed her status to Absent Without Leave (AWOL).

15. In August 2017, Tiburcio's supervisor placed her on "informal counseling"

2

because she was allegedly failing some of her performance standards.

16. In September 2017, Tiburcio's supervisor falsely accused her of being unavailable when she needed her and of taking more than her allotted fifteen minutes of break time.

17. In September 2017, Tiburcio's supervisor reassigned her on one of her cases where she had completed almost all of the work.

18. On September, 5, 2017, Tirburcio's supervisor denied her request to postpone her informal counseling sessions because she was on the road working and "wrote her up" when she failed to pull over to the side of the ride to conduct the session telephonically.

19. On December 13, 2017, Tiburcio's supervisor issued her a Notice of Proposed Suspension.

### **Count I - Violation of Title VII**
### **(Discrimination Based upon National Origin, Sex, Color and Retaliation)**

Plaintiff reavers and realleges paragraphs 1 through 19 as if fully set forth herein and further alleges:

20. As set forth herein, Walsh discriminated against Tiburcio based upon her national origin (Dominican), sex (female), color (black) and in retaliation for complaints of

21. As a direct and proximate result of the actions of Defendant, Plaintiff seeks compensatory damages, including, but not limited to mental anguish and loss of dignity. Plaintiff also seeks court costs and attorneys fees in accordance with Title VII. Finally, Plaintiff seeks declaratory relief that the policies of Defendant are in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Walsh for compensatory damages, declaratory relief interest, court costs, attorneys' fees and for any and all other and further relief this Court deems just and proper under the circumstances.

## Count II-Violations of ADA

Plaintiff reavers and realleges paragraphs 1 through 19 as if fully set forth herein and further alleges:

22. Tiburcio is a qualified employee of Defendant with a disability that can perform the essential functions of her job with accommodation. Walsh has failed and refused to engage in the interactive process and has failed to provide accommodations and has otherwise discriminated against her based upon her disabilities.

23. As a direct and proximate result of the actions of Defendant, Plaintiff seeks compensatory damages, including, but not limited to mental anguish and loss of dignity. Plaintiff also seeks court costs and attorneys fees in accordance with Title VII. Finally, Plaintiff seeks declaratory relief that the policies of Defendant are in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Walsh for compensatory damages, declaratory relief interest, court costs, attorneys' fees and for any and all other and further relief this Court deems just and proper under the circumstances

**Demand for Jury Trial**

Plaintiff demands trial by jury on all issues so triable.

>
> Behren Law Firm
> 1930 N. Commerce Parkway
> Suite 4
> Weston, Florida 33326
> Telephone (954) 636-3802
> Facsimile (772) 252-3365
> scott@behrenlaw.com
> www.behrenlaw.com
>
> By:_/Scott M. Behren/_____
>         Scott M. Behren
>          Florida Bar No. 987786